# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **CHARLES SIMSHAUSER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1596 HEA |
| | ) |
| **STATE OF MISSOURI, et al.,** | ) |
| | ) |
| Defendants. | ) |

## OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Charles Simshauser (registration no. C1920758), a prisoner at the St. Louis City Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.57. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

1

insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $17.83, and an average monthly account balance of $5.34. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.57, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

2

either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the State of Missouri, the Missouri Public Defender System, and Neal Posdamer (plaintiff's appointed public defender). Plaintiff contends that he has been denied his constitutional rights to a speedy trial and to effective assistance of counsel.

## Discussion

The Court notes that plaintiff appears to have initiated this action while his state prosecution is still pending. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.

Heck, 512 U.S. at 486-87. The Supreme Court further directed that when reviewing a state prisoner's § 1983 complaint for damages this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The rationale of *Heck* concerning a post-conviction § 1983 claim for damages applies equally to a pre-conviction § 1983 claim for damages that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. If such a pre-conviction § 1983 claim could proceed while state criminal

4

proceedings are ongoing, then there would be the potential for inconsistent determinations in the civil and criminal cases. Plaintiff, for example, could use a favorable determination in his § 1983 civil action to collaterally attack an adverse decision in his state criminal case. In terms of the harm that *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point after the civil rights action is instituted.

In the case at hand, a favorable determination on plaintiff's § 1983 claims would necessarily imply the invalidity of a potential conviction on his pending criminal charge. Therefore, plaintiff's complaint should be dismissed for failing to state a claim on which relief may be granted. *See Harvey v. Waldron*, 210 F.3d 1008, 1013-16 (9th Cir. 2000); *Beck v. Muskogee Police Dep't*, 195 F.3d 553, 556-59 (10th Cir. 1999); *Shamaiezadeh v. Cunigan*, 182 F.3d 391, 394-99 (6th Cit. 1999); *Covington v. New York*, 171 F.3d 117, 121-24 (2nd Cir. 1999); *Washington v. Summerville*, 127 F.3d 552, 555-56 (7th Cir. 1997).

Even if not barred by *Heck*, plaintiff's claims against the State of Missouri and the Missouri Public Defender System should be denied because these entities are immune from damages under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989). Plaintiff's claim against defendant Posdamer should

be dismissed because public defenders performing a lawyers' traditional functions do not act under color of state law for purposes of § 1983 and, therefore, cannot be held liable under it. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $3.57 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE